10840

MACDONALD *ET AL.* v. FAGAN *ET AL.*

(111 S. E. 793)

1. WILLS—"INTENTION" AS SHOWN BY WHOLE WILL GOVERNS.—The "intention" of the will as a whole, which signifies the meaning of the words used, governs.

2. WILLS—EXTRANEOUS CIRCUMSTANCES CONSIDERED IF TERMS ARE AMBIGUOUS.—If the meaning of the words used in a will is clear, the words are controlling, but if they are not clear the surrounding circumstances may be resorted to to determine the intention.

3. WILLS—SURPLUS OF PROCEEDS OF SALE OF PROPERTY HELD PART OF RESIDUE.—Where a will by one item bequethed certain legacies to be paid from the proceeds of the sale of property when it was manifest the legacies would not exhaust the proceeds, the surplus of the proceeds passed under a subsequent item of the will, giving the residue to testator's wife.

4. WILLS—RESIDUARY CLAUSE HELD TO COMPLETE BEQUEST OF PROCEEDS OF SALE.—If an item in a will bequeathing the proceeds of the sale of certain property was incomplete because the bequest manifestly would not exhaust the proceeds, the incompleteness was supplied by a subsequent item bequeathing the residue of the estate, which was as effective for that purpose as if it had been made an additional clause of the item containing the specific bequests.

5.  WILLS—COURTS CANNOT SUPPLY OMISSIONS.—If an item in a will is incomplete because of a mistake of the copyist, the Courts have no power to supply the omission.

6.  WILLS—EVERY CLAUSE MUST BE GIVEN EFFECT.—Every clause in a will must be considered and given full force and effect.

7.  WILLS—DEVISE OF INTEREST IN HOTEL TO WIFE FOR LIFE HELD NOT TO PREVENT HER TAKING SURPLUS OF SALE UNDER RESIDUARY CLAUSE.—Where testator devised his interest in a hotel, which he owned jointly with his brother, to his wife for her life, and manifested his confidence in his wife by making her and her brother his executors, and provided that the property be sold, on the death or remarriage of his wife, by the executors or the survivor, and that certain specific bequests be paid from the proceeds, and thereafter inserted an item giving his wife the residue of his estate, which item could only apply to the surplus of the proceeds of the sale of the property, such surplus passes to the wife's legatees after her death under the residuary clause.

8   WILLS—PRESUMPTION IS AGAINST INTESTACY.—When a man leaves a will, not only does the general law presume that there was no intestacy, but Civ. Code 1912, § 3559, also provides that no man shall be considered as having died intestate as to land and personal estate acquired after the execution of his will.

9.  WILLS—HARDSHIP, RESULTING FROM CASUALTY NOT CONTEMPLATED BY TESTATOR, CANNOT BE CONSIDERED.—A hardship, resulting to legatees under a will from the burning of the hotel property, from the sale of which legacies were to be paid, cannot be considered in construing the will, since such casualty was not contemplated by the testator.

10. WILLS—ARTIFICIAL RULES YIELD TO JUST MEANING OF LANGUAGE.— When the clear intention of a will produces a hardship, that hardship must be endured, but when the language of the will is clear and the result is just, mere artificial rules, if they point another way, must give way.

Before RICE, J., Richland, July, 1921.   Affirmed.

Action by Wm. J. MacDonald et al., as executors and devisees under the will of Mrs. Lillie Fagan, against Patrick Fagan et al., as heirs at law of Jerome Fagan, for the construction of the will of Jerome Fagan.   Judgment for plaintiffs and defendants appeal.

The following is the decree of Judge Rice in the Court below:

The Hotel Jerome, located in the City of Columbia, at the northwest corner of Main and Lady Streets, is one of the best known hostelries in this State. For many years now it has supplied the needs and wants of the traveling public, and it still retains its justly earned popularity.

Jerome Fagan, after whom the hotel was named, and his brother, Thomas, were the owners, each one-half in fee in the realty, and in the personalty contained in the said hotel. On the 10th day of November, 1898, Jerome Fagan executed his last will and testament in proper form, and three days later died. The said will was duly admitted to probate, and the matter now before the Court is the construction of its terms in so far as it relates to the ownership of the one-half interest of the said Jerome Fagan in the said hotel, or the proceeds thereof, after it has been sold as directed in said will, and certain legacies paid.

The hearing was had before me at the spring term of Court for said County. Mrs. Lillie Fagan, the wife of Jerome, never remarried, is now dead also. No children, so far as the record shows, were born to Jerome and his wife. Mrs. Lillie Fagan also left a will, and the contest now on is between her heirs, legatees, and devisees, and the heirs, legatees, and devisees of her said husband, Jerome. After the death of the latter, and some 18 or 20 years ago, the building, known then also as The Hotel Jerome, was destroyed by fire—the writer of this opinion was stopping there as a guest at the time—and later was rebuilt with the proceeds of insurance and other funds borrowed or supplied by Mrs. Fagan for the purpose. This phase of the matter, however, is, as I understood at the hearing, not involved in the present litigation, and will not be passed upon by me.

The plaintiffs in this case contend that under the terms of said will of Jerome Fagan, his wife, Lillie, took a life estate in the one-half interest of Jerome in the said hotel

and the fee in the proceeds of its sale, after her death or re-marriage, subject, however, to the payment of certain legacies set out in Item 3 of said will. This I understood from the arguments is the position taken by the attorneys for the plaintiffs, although the complaint in Paragraph 8 sets out that Mrs. Fagan was the owner of Jerome's one-half interest in fee in the said hotel lot and building, subject only to the payment of the legacies above mentioned. From a practical standpoint I think it makes little difference as to which of the views mentioned might be a proper construction.

The defendants, on the other hand, claim that as to the proceeds of sale of Jerome's one-half interest in said hotel property, after payment of said legacies, there is an intestacy, and that therefore the heirs at law of Jerome Fagan are entitled thereto, and that Mrs. Fagan, his wife, could not dispose of it by will or otherwise. The legacies mentioned in Item 3 of said will aggregate $4,300, and excluding the gifts to Mrs. Fagan, constitute all of the direct devises or legacies provided in his said will by the testator. At the same time it is admitted, as I understand, that the said interest of Jerome in the property was at that time worth much more than the sum mentioned. This fact must undoubtedly have been known to Jerome at the time he made his will.

It is elementary that in construing a will the intention is to be sought, and if it does not conflict with some settled rule of law, then such intention must be given effect. In ascertaining such intention we will first examine the terms of the will itself. If there are conflicting clauses they must be reconciled if possible. Again, in the search for the intention every part of the will must be considered, and due consideration given thereto. In other words, it must be construed as a whole, and not in parts.

The testator in Item 1 of his will devises to "his beloved wife, Lillie Fagan," all of his interest in the property above described in the following words: "For and during the term of her natural life," etc. In Item 2 he disposes of his interest in the personalty connected with the hotel to his wife on the same terms and limitations as are set out in Item 1. In Item 3 he provides legacies amounting to $4,300 to be derived from the sale of his interest in the hotel, realty, and personalty, after the death or remarriage of his wife. Items 4, 6, and 7 are gifts to his wife in fee, about which there is no contention. Item 5 makes provision for improving the hotel property and conducting same. In Item 8, however, he provides "All the rest and residue of my estate, real and personal, I devise and bequeath to my wife, Lillie Fagan." This last item is what is known to the law as a residuary clause, and on it the plaintiffs base their case. The defendants, as already stated, claim an intestacy as to the property in dispute. In *Fraser v. Hamilton,* 2 Desaus., 574, it is said: "When a man sets about making his will, it is to be presumed he means to dispose of the whole of his property, and not to die intestate as to any part of it, and that when he uses general words he means to dispose of everything he has. Again, in *Welborn v. Townsend,* 31 S. C., 413; 10 S. E., 98; the Court says: "Where there is a will, the policy of the law is not in favor of declaring a partial intestacy, unless the reasons for such result are clear and indisputable."

The principles announced in the cases cited are so generally recognized and supported by the authorities that I do not deem it necessary to burden this opinion with other decisions on the point.

The purpose and intent of a residuary clause, general in its terms, is to dispose of all property of the testator not before specifically disposed of, and under it all of his property and property rights not expressly excluded by de-

vise to some other persons will pass. See *Hopkins v. Mazyck,* Rich. Eq. Cas., 279; *Fraser v. Hamilton,* supra.

Under the residuary clause of the testator above set out all of his property and property rights of every nature, not already disposed of by the terms of his will, passed to his residuary legatee or devisee.

The words used by him are "all of the rest and residue of my estate, real and personal," etc., and such words are ample to pass the property in question. See *Cruger v. Heyward,* 2 Désaus., 429; *Stuckey v. Stuckey,* 1 Hill, Eq., 308; *Fraser v. Hamilton,* supra; *Swinton v. Egleston,* 3 Rich. Eq., 201.

It will not do to say that, if the testator had wished to simply give his wife his one-half interest in the hotel, burdened with the payments of the legacies mentioned in Item 3, he could have done so in terms so clear as not to admit of a doubt. He had the right to dispose of his property in any lawful way he chose, no matter how eccentric or peculiar the terms of the will may be.

In *Hopkins v. Mazyck,* supra, it is said: "Testator, having a power of appointment under his father's will, devised lands to his sons, respectively, during their lives, with remainder to such children as they might have at their deaths; and with cross-remainders among the sons, 'in case of the death of any of them under twenty-one and unmarried.' By a residuary clause, he devised 'the rest, residue and remainder of my estate, whatsoever, and wheresoever, including any estate not hereinbefore particularly devised, which I may have derived under the will of my father, unto my said sons and their heirs forever.' Held, that the residuary clause carried the ultimate fee, or reversion, in the lands, to the sons."

Commenting upon the method employed by the testator in his will to dispose of his property, the Court says, at page 280 of Rich. Eq. Cas.: "However strange it may

appear to us, that he should devise to them (his sons) the ultimate reversion, upon the failure of their own and their children's estates, yet there is nothing to prevent it from having legal effect."

So in the case before us, if Jerome Fagan saw fit to give his wife his interest in the hotel for life, and at the same time vest in her the right to the proceeds of sale of said interest, after the payment of certain legacies, there is nothing to prevent it from having legal effect, and in the opinion of this Court the conclusion seems irresistible that this is what he did.

It appears to me, and I so hold, that the devise or gift is not of the ultimate reversion of the said hotel property itself, after the payment of the legacies specified, but of the proceeds of sale remaining after the payment of said legacies. The only safe way to pursue in the construction of the will is to take the testator to mean what he says. He instructs the property to be sold on the death or remarriage of his wife.

This can only mean that it was then to be converted into money. The purpose of a residuary clause being then to dispose of that part of his estate not already disposed of, what portion of Fagan's estate had he failed to dispose of at the time he wrote the residuary clause of his will? The answer is the proceeds of sale of his interest in the hotel, less the legacies. There might be other property undisposed of also.

Who is the residuary legatee? Mrs. Fagan. Such proceeds then undoubtedly passed to her. It does not alter the case to observe that Mrs. Fagan, having the enjoyment and possession of the life estate, could not be benefited by giving to her a right in the proceeds of sale after the payment of said legacies, because at the time she would be dead. Such right was a right of property, and could be

sold by her or otherwise disposed of so as to secure the enjoyment thereof during her life.

I conclude, therefore, that at the time of her death, Mrs. Fagan had a vested interest in the proceeds of sale of the one-half interest of her husband, Jerome Fagan, in the said Hotel Jerome, after the payment of the legacies provided for in Item 3 of said will, and that as to said one-half interest the heirs of Jerome Fagan have no legal title.

1 do not think that the above conclusions are in any way in conflict with the principles of construction announced in *Adams v. Verner,* 102 S. C., 7; 86 S. E., 211; *Lawrence v. Burnett,* 109 S. C., 422; 96 S. E., 144, and other cases to the effect that where an estate is given by will in words of clear and ascertained legal significance, it will not be enlarged, cut down, or destroyed by superadded words in the same or subsequent clauses, unless they raise an irresistible inference that such was the intent of the testator.

So ordered. And it is further ordered that any of the parties hereto have leave to apply at the foot of this decree for any order necessary to carry into effect the provisions of the said will, provided such order be not in conflict with the terms of this decree.

*Messrs. Purdy & Bland, E. A. Blackwell, Cole L. Blease* and *D. W. Robinson,* for appellants, cite: *Intention of testator should be ascertained*: 115 S. C., 217; 113 S. C., 419; 104 S. C., 445; 82 S. C., 213; 1 McC. Ch., 70; Boreland on Wills, 151; 1 Schouler, Secs. 466, 469; Page on Wills, Secs. 460, 461; 98 U. S., 324; 177 U. S., 476; 9 S. C., Eq., 271. *Clear expressions in a will do not yield to doubtful ones*: 1 Schouler Wills, Secs. 461, 468, 499; Jarman, Rules of Int., No. XII; 27 L. R. A., 1093; 28 R. C. L., p. 218, Sec. 178; 3 Jones Eq., 369. *Later clause prevails only when irreconcilable with earlier one*: Schouler, Secs. 474, 478; Page on Wills, Sec. 470. *Words enlarging or restricting gift*: 109 S. C., 422; 102 S. C., 11; 104 S.

C., 444; Alexander, Wills, Sec. 966; Schouler, Secs. 467, 490; 51 Conn., 438; 83 Ala., 484; 147 Mass., 613; 6 S. E., 480. *Residuary clause—construction and effect*: 2 Alex. Wills, Sec. 669; 82 S. C., 213; 115 S. C., 216; 10 S. C., Eq., 97; 4 Rich. Eq., 31; 1 Hills Ch., 97; 93 S. E., 439. *Construction of "residue," "remainder" and effect of residuary clause in general*: 109 S. C., 421; 4 Rich. Eq., 26; 3 Jarm., Wills, 45; 56 Atl., 131; 1 Strob. Eq., 99; Gardner, Wills, Sec. 124; Hawkins, Wills, 46; 3 Munf., 76 Schouler, Sec. 519; 23 S. C., 266; Bigelow, Wills, 320; 57 N. E., 317; 45 N. Y. S., 1117; 10 A. L. R., 1523; 30 Conn., 301. *Plain intention will govern even if it result in intestacy as to a part of the estate*: 115 S. C., 216; 4 Rich. Eq., 31; 1 Hill Ch., 97; 1 Strob. Eq., 99; Page, Wills, Sec. 446; Bigelow, Wills, Secs. 320-22. *If intention established inconsistent purposes, one must stand*: 2 Alex. Wills, Sec. 965; 1 McC. Ch., 77; 15 L. R. A. (N. S.), 73: 104 S. C., 447; 102 S. C., 11; 28 R. C. L., 209 *Resulting trust to heir*: 1 Schouler, Sec. 545. *Conversion of realty into personalty*: 3 Pom. Eq., 1160; 62 S. C., 487; 35 S. C., 534; 17 S. C., 572; 1 Alex. Wills, Sec. 807; 5 Rich. Eq., 215; 113 S. C., 230; 20 L. R. A. (N. S.) 65; Tiffany Real Prop., Sec. 121; L. R. A. 1916-B, 1141-2. *Balance after conversion is treated as land*: 3 Pom. Eq., Sec. 1171; Dud. Eq., 216; 3 Alex., Wills, Sec. 1471. *Fee descends at death to heirs subject to be divested by sole*: 5 Rich. Eq., 216; 35 S. C., 534; 23 S. C., 387; 22 S. C., 275. *If widow accept gift under will she is barred as an heir*: L. R. A. 1917-B, 759; 74 Conn., 128; 102 N. E., 801.

*Messrs. Weston & Aycock* and *Lyles & Lyles,* for respondents, cite: *Will worked conversion of one held interest in hotel and furniture*: 90 S. C., 149; 101 Am. St. R., 118. *Law presumes everything in favor of residuary clause except against specific devises or legacies*: 2 DeS., 427; 2 DeS., 575; 82 S. C., 207; 71 S. C., 175. *General*

*rules of construction*: 40 Cyc., 1410; 2 DeS., 574; 4 McC., 60; 71 S. C., 175; 31 S. C., 408; 104 S. C., 178; 104 S. C., 442; 105 S. C., 432; 82 S. C., 207; 2 S. C., 517; 38 S. C., 350; 10 S. C., 363; Rich. Eq. Cas., 279; 1 Rich. Eq., 465; 4 DeS., 243; 2 Strob. Eq., 66; 2 DeS., 429; 2 Russ., 484; 4 Russ., 584; 10 S. C., 414. *What passes under residuary clause*: 1 Strob. Eq., 114; 102 S. C., 416; Rich. Eq. Cas., 23; 11 Rich. Eq., 264; 83 S. C., 211; 23 S. C., 513; 62 S. C., 482; 86 S. C., 1; 23 S. C., 382; 13 Rich. Eq., 111. *Mrs. Fagan had right to disposition of revision*: 5 Rich. Eq., 215; 1 DeS. Eq., 173; 8 Rich., 79; 8 Rich., 291; 22 S. C., 274; 23 S. C., 385; 3 Strob. Eq., 223. *Reconversion*: 90 S. C., 146. *Enlargement of estate granted*: 102 S. C., 7; 1 McC. Ch., 61; 109 S. C., 477.

*Mr. Carle T. Flach,* also for respondents, cites: *Effect of general residuary clause*: Harp. Eq., 117; McMull Eq., 201; 2 Strob. Eq., 1; 2 Strob. Eq., 63; 2 DeS., 574; 2 DeS. Eq., 424; 1 Hill, 308; Rich. Ew. Cas., 279; 11 Rich. Eq., 264; Rich. Eq. Cas., 23; 10 S. C., 414; 38 N. C., 200; 56 N. C., 302; 56 N. C., 498; 60 N. C., 207; 138 N. C., 115; 113 N. Y., 115; 153 N. Y., 243; 15 W. Va., 646; 5 Pick. (Mass.), 528; 62 Ohio St., 411; 124 N. Y., 388; 11 East., 321; Jarman, Wills, 6th Eng. Ed., 773, 995; Gardner, Wills, 418.

April 11, 1922.

The opinion of the Court was delivered by Mr. Justice Fraser.

Jerome Fagan made his will, that reads as follows:

"State of South Carolina.

"I, Jerome Fagan, of the City of Columbia, in said State, being of sound mind, memory and understanding, but feeble in body and well knowing the uncertainty of life, do make, publish and declare this to be and contain my last

will and testament, hereby revoking all instruments of a like nature heretofore made by me.

"Item 1. I devise unto my beloved wife, Lillie Fagan, all of my right, title and interest (the same being the one-half thereof in fee as tenant in common with my brother, Thomas) in and to all and singular the property known as the Hotel Jerome, including the lot of land connected therewith and belonging thereto, situate, lying and being on the northwest corner of the intersection of Main and Lady Streets in the City of Columbia, fronting on said Main Street and extending back along the line of said Lady Street, for and during the term of her natural life or widowhood, and from and immediately after her death or remarriage it is my will and desire that my interest in said property be sold at public outcry on such terms as my executors or the survivor of them may think discreet and proper, and the proceeds thereof to be divided as is hereinafter provided in Item 3 of this my last will and testament.

"Item 2. I devise unto my said wife under the same limitations as is set forth in the preceding item of and concerning my interest in the realty aforesaid, i. e., for and during the term of her natural life, or widowhood, all of my right, title and interest in and to the personal property which may be in the Hotel Jerome at the time of my death, consisting of the appointments, fixtures, furniture, bedding, linen, culinary articles, together with the office furniture and other paraphernalia connected within or in any wise used about said Hotel Jerome, as well as all accounts, debts, claims or demands which may be outstanding or owing to said hotel business and management at the taking effect of this instrument, and from and immediately after my said wife's death or remarriage, it is my will and desire that my interest in said personalty and choses in action (my interest therein being the one-half thereof, my brother, Thomas, being the owner of the other half) be

sold at public outcry on such terms as my executors, or the survivors of them, may think discreet and proper, and the proceeds thereof be divided as is hereinafter provided in Item 3 of this my last will and testament.

"Item 3.   Out of the proceeds of the sale of the property, real and personal, mentioned in the two foregoing items of this my last will and testament, I make the following bequests in money:

"1.   To the children of my nephew, John O'Hara, the sum of two thousand dollars, to be divided equally among the child or children of a deceased child to take its parent's share.

"2.   To my niece, Mrs. Janie Deck, of Macon, Georgia, the sum of five hundred dollars.

"3.   To my nephew, Patrick Fagan, of County Meath, Ireland, five hundred dollars.

"4.   To Nannie Fagan, sister of Patrick, of the same county in Ireland, five hundred dollars.

"5.   To my sister, Bridget Hickey, of County Meath, Ireland, seven hundred dollars.

"Item 4.   There is deposited in my name in the Carolina National Bank, Columbia, S. C., the sum of two thousand dollars, which I bequeath to my wife, Lillie Fagan, with the request that she give out of said sum of two thousand dollars, five hundred dollars to St. Peter's Catholic Church of Columbia, the same to be expended by the pastor thereof as he may see fit for the benefit of the Church and congregation.

"Item 5.   There are two deposits by my brother, Thomas, and myself under the firm name of Fagan Brothers in the course of business as keepers of the 'Hotel Jerome' to be disposed of, one being in the Central National Bank of Columbia, S. C., and the other in the Carolina National Bank of Columbia, S. C., the deposit in the latter named Bank being some $5,000.00.   It is my will and desire that

my executors, or the survivor of them, shall use so much of said moneys coming to my estate (and I am entitled to the one-half thereof) as will with a like amount to be expended by my brother, Thomas, complete the improvements now under way in and upon the 'Hotel Jerome' as set forth in the plans and specifications thereof; and upon the completion of said work and improvements any and all sums remaining over and coming to my estate therefrom I wish to go into the hotel business now conducted by my brother, Thomas and myself, and to be controlled and expended by my wife and my brother, Thomas, in managing the same.

"Item 6. All bonds and stocks of what kind or nature soever I may own at the time of my death, I bequeath to my dearly beloved wife, Lillie Fagan, and I devise to her all of my right, title and interest in the real property situate, lying and being in the City of Columbia on the corner of Gervais and Gates Streets.

"Item 7. And I bequeath to her, the said Lillie Fagan, my interest in a bond for $4,000.00, secured by a mortgage of Main Street property, where J. M. Van Metre conducts his furniture busines, which said bond and mortgage, made and executed by said Van Metre as a part of the purchase money of the land on which said mortgage is a lien, belongs one-half to me, the other half to my brother, Thomas.

"Item 8. All the rest and residue of my estate, real and personal, I devise and bequeath to my wife, Lillie Fagan.

"Item 9. I nominate, constitute and appoint my said wife, Lillie Fagan, and her brother, William MacDonald, of New York, executors of this my last will and testament.

"In witness whereof I have hereunto written my name and affixed my seal at the City of Columbia the tenth day of November, 1898."

"Jerome Fagan. [L. S.]"

(Properly witnessed.)

The only question in the case is the construction of Item 8.

There are two fundamental principles that need no citation of authority to support them: (1) The intention of the will as a whole governs. (2) Intention is a term of art, and signifies the meaning of the words used. If the meaning of the words used is clear, then they are controlling. Sometimes the words used are not clear. In that event surrounding circumstances may be resorted to from the necessity of the case. Taken alone, the words of Item 8 admit of no doubt. The whole will must, however, be considered, and every part given its full weight.

The controversy is over the surplus that is sure to remain after the payment of the legacies specified in Item 3. The appellants claim that the testator is intestate as to this surplus, and they claim it as the heirs at law of the testator. The respondents claim it under the will of Mrs. Lillie Fagan, now dead, as covered by and included in the residuary bequest. The words used in Item 8 are unquestionably broad enough to include the surplus. "All the rest and residue of my estate, real and personal," include all of his property not specifically devised or bequeathed. That is as clear as it can be. The surplus proceeds of sale after paying the $4,200 of bequests is not devised in Item 3, and, not being disposed of by any other item, must go to the residue. The testator had two ways open to him. He could either provide for the surplus in Item 3, or by another clause, general, sweeping, all-inclusive, thereby dispose of this surplus. He adopted the latter plan.

The appellant urges two objections to this view: First, that Item 3 is manifestly incomplete; and, second, the will by specific provision gives Mrs. Fagan, his wife, only a life estate in the hotel property

I. Item 3 may be incomplete taken by itself. The will must be taken as a whole. If Item 8 had been added as Subdivision 6 to Item 3, then it would have been impossible for the most critical to say Item 3 was incomplete. It is difficult to see how Item 8 is to be defeated by reason of its separation from Item 3 by other items. If Item 8 had been added as Subdivision 6 to Item 3, then the residue might have been confined to the surplus proceeds of sale of the hotel property. Item 8 is not a subdivision of any other item. It is a general item, and applies to any surplus, to anything, and so written as to include any and all property not given to another.

If, however, it is held that Item 3 is incomplete, and that it was a mistake of the copyist, then it is too clear for any one to doubt that the Courts have no power to supply the omission. The case fails to show that there was any other property upon which Item 8 could operate, except the surplus proceeds of the sale of the hotel property. Item 8 must dispose of this surplus, or it is meaningless. Every clause of a will must be considered and given full force and effect.

II. It is said that Mr. Fagan gave to his wife a life estate only in the Hotel Jerome property. According to the express language of his will Mr. Fagan gave to his wife an estate for life or widowhood in his one-half interest in the hotel property itself, and the residue of the proceeds of sale after the payment of the $4,200 of bequests. That is what the will says shall be done with his property. That is the plain English of it. The will as a whole bears out that idea. There is no item except Item 3 that does not provide for his wife, Lillie Fagan. The wife is made executrix. The executor is not Thomas Fagan, the brother of the testator, but William MacDonald, the brother of Mrs. Fagan, and a non-resident of this State. Practically the power of sale is given to Mrs. Fagan. It is said that the

life estate precludes its exercise by Mrs. Fagan. This overlooks the fact that Mrs. Fagan's rights in the property itself might terminate upon her second marriage. The intensity of the testator's love and regard for his wife and the fullness and completeness of his surrender of his property to his wife is shown by the provision that, notwithstanding the fact that the testator realized that after his death his wife might marry again, still after her second marriage he directed that the sale should be managed by her.

The will shows another significant thing. The will shows that the testator contemplated a continuance of the hotel business by his wife and his brother. It makes provision for improvement of the property for a more efficient conduct of the business. He makes the legacies a charge on the hotel property; that property she is most likely not to sell.

When a man leaves a will, not only does the general law presume that there is no intestacy, but the statute (Section 3559, Code of 1912) provides that no man shall be considered as having died intestate as to land and personal estate acquired after the execution of his will. Here every presumption is against intestacy, and it would be strange indeed if this testator should be adjudged intestate as to a portion of his estate when he emphasizes the completeness of the gift of the residue by making it a separate item.

When we consider the fact that the wife is the supreme object of the testator's bounty, we would be confronted with this anomaly: The will contemplates the continuance of the hotel business; it contemplates that the wife shall continue the hotel business. It is not the case of a testator who has accumulated sufficient property to allow his widow to live in comfort, and it may be in idleness, for the balance of her life; that she is simply to enjoy the fruits of his labor as long as she shall live, and then turn them

over to other objects of his bounty. The will contemplates that the wife shall continue to carry on his business, a business that is a strenuous business, an increasing business, requiring the exercise of every power; a life of whole-hearted and intelligent service; and yet, when this life of hard and responsible labor is over, Mrs. Fagan is to turn over the property and business which she has preserved and enlarged to kinsman of his own, to whom he has given in words but a small portion.

The will shows on its face that the testator believed that his wife would be able to carry on the business successfully, without the presence of her co-executor. It is the only reasonable construction of the paper that the testator believed that Mrs. Fagan could do the duty assigned to her. Whence arose this belief? It could only come from their past lives. The will states that the testator was feeble of body, and yet a strenuous business was done. A novice at the helm would sink the ship. The will does not contemplate a novice. When Mrs. Fagan shall die, the business shall end. It follows undisputably that Mrs. Fagan was the ruling spirit of the business, according to the will. We are asked to hold that this will, that in every item save one breathes a spirit of love and devotion to, and respect for, his wife, shall be construed to bind this wife to a life of unmerited servitude to those who are not of her blood.

Something is said about the burning and rebuilding of the hotel. That has no place here, as it was not contemplated by the testator, and any hardship arising therefrom must be endured.

Courts should not make wills. It is their province to construe them. When the clear intention of a will produces a hardship, then the hardship must be endured. But when, as in this will, the language is clear and the result just, mere artificial rules, even if they pointed in another way, must give way. Those rules, however,

are not in conflict here with justice.  No authorities are quoted in this opinion.  A "review of the authorities" is seldom profitable.  It takes a master mind to "review the authorities" completely, and a master mind frequently to understand the opinion after the work is done.  If authorities are needed, they will be found in the clear and convincing opinion of the Circuit Judge.  (Let the decree of Judge Rice be reported.)

The cases that refer to an estate by implication have no bearing on this case.  "All the rest and residue of my estate, real and personal, I devise and bequeath to my wife, Lillie Fagan," leaves nothing for implication.  It is a directly positive, unlimited gift.  There are no lapsed legacies to confuse the mind.  .The testator devises to his wife a life estate, or until she remarries, in the hotel itself.  He then directs a sale of the hotel itself, and disposes of a part of the proceeds of sale.  He then gives the rest and residue of his estate to his wife.  This residue, so far as the case shows, can refer only to the surplus proceeds of sale.  In order to defeat the claim of the wife to this residue, it would be necessary to ignore the residuary clause.

The judgment appealed from is affirmed.