## 15819

### DAVIS ET AL. v. DAVIS ET AL.

(37 S. E. (2d), 530)

*Messrs. A. J. Hydrick* and *W. B. Martin,* both of Orangeburg, Counsel for Appellants,

*Messrs. J. Carl Kearse,* of Bamberg, and *Felder & Rosen,* of Orangeburg, Counsel for Respondents,

March 18, 1946.

MR. ASSOCIATE JUSTICE TAYLOR delivered the Opinion of the Court.

This Appeal comes to this court from the Court of Common Pleas of Orangeburg County for the purpose of construing the will of Rivers F. Murden, a bachelor who died August 17, 1942, leaving his property to four nephews and one niece namely: B. L. Davis, a son of a predeceased sister by the name of Letha Davis; Walter K. Davis, a son of a predeceased sister, Mary Davis, W. T. Murden and A. J. Mur-

den, Jr., sons of a predeceased brother, W. T. Murden, Sr., and Connie Turner, a daughter of his brother, A. J. Murden who is still living. The nephew B. L. Davis was named as executor of the will.

Mrs. Corrie Davis and Mrs. Medrue Davis, wives of B. L. Davis (the named executor and a beneficiary) and W. K. Davis (a beneficiary), respectively, were two of the witnesses to the execution of the will. B. L. Davis, as executor and in his own right, together with the other beneficiaries named in the will instituted an action in the Court of Common Pleas to have the will construed and to fix the rights of the parties thereunder.

Sec. 8919 S. C. Code of Laws 1942 is as follows: "No subscribing witness to any will, testament or codicil shall be held incompetent to attest or prove the same by reason of any devise, legacy or bequest therein in favor of such witness, or the husband or wife of such witness, or by reason of any appointment therein of such witness, or the husband or wife of such witness, to any office, trust or duty; and such devise, legacy or bequest shall be valid and effectual, if otherwise so, except so far as the property, estate or interest so devised or bequeathed shall exceed in value any property, estate or interest to which such witness, or the husband or wife of such witness, would be entitled upon the failure to establish such will, testament or codicil, but, to the extent of such excess, the said devise, legacy, or bequest, shall be null and void; and such appointment shall be valid, if otherwise so, but the person or persons so appointed shall not, in such case, be entitled by law to take or receive any commissions or other compensation on account thereof."

Appellants contend that it is clear that the testator did not intend to die intestate and that such intention should control. To construe a will in conformity with the intention of the testator is much favored by the courts but such intention cannot prevail when in conflict with some statute or rule of law. While the expression of such intention may be laid hold of to enlarge doubtful dispositions it cannot supply

the place of actual disposition expressed or reasonably to be implied. *Smith v. Heyward,* 115 S. C., 145, 105 S. E., 275; *Peay v. Barber,* 1 Hill Eq., 95; *Glover v. Harris,* 4 Rich. Eq., 25; *Cheves v. Haskell,* 10 Rich. Eq., 534-540.

It is therefore clear that the beneficiaries, B. L. Davis and W. K. Davis can take no more than they would have gotten had the testator died intestate. Appellants contend however that this portion over and above that which they would receive had the testator died intestate should go to the three remaining devisees under the residuary clause contained in item 8 of the will which reads as follows:

"I direct my executor to liquidate all my notes, bonds, mortgages, from the proceeds pay the State, County and City taxes for 1942 upon all my property, also State and Federal inheritance taxes, then all the remainder of my estate, both real and personalty, I direct to be equally divided, according to value between my following nephews and niece, Balmer Lee Davis, A. J. Murden, W. T. Murden, Walter Davis, and Connie Turner, share and share alike."

This presents the question of whether a void devise and legacy, which is part of the residuary clause of a will, pass under the remaining portion of the same residuary clause or whether it becomes intestate property and distributable to the heirs-at-law of the testator?

To the rule that a general residuary clause will carry lapsed or ineffectual bequests of personal property; and also devises of real estate, there is the exception that lapsed or ineffectual legacies or devises of a portion of the residuary estate itself, where the residuary clause is to several devisees or legatees in common, do not inure to the benefit of the residuary legatees or devisees, but the interest of the deceased becomes intestate estate, and as such passes to the next of kin or heirs-at-law of the testator.

Generally, a lapsed legacy falls into the residuum, but here a part of the residuum itself is the lapsed legacy.

The case of *Torre v. Chestnut,* 159 S. C., 282, 156 S. E., 906, 74 A. L. R., 540 disposes of this question in this state. In both this case and instant case the void portion of the will was the residuary clause.

In *Torre v. Chestnut, supra,* the clause was as follows:

"I give, devise and bequeath all the rest, residue and remainder of my estate wheresoever situate, to my excutors, or such of them as shall qualify, in trust to sell and dispose of the same as soon as practicable after my death and dispose of the net proceeds of sale as follows: *   *   *"

In instant case:

"Item 8.   I direct my executor to liquidate all my notes, bonds, mortgages, from the proceeds pay the State, County and City taxes for 1942 upon my property, also State and Federal inheritance taxes, then all the remainder of my estate, both real and personalty, I direct to be equally divided, according to value, between my following nephews and niece, Balmer Lee Davis, A. J. Murden, W. T. Murden, Walter Davis, and Connie Turner, share and share alike."

The pertinent words in *Torre v. Chestnut, supra,* being: "All the rest and residue and remainder of my estate wheresoever situated" while those in instant case are "all the remainder of my estate".

It will be noted that the testator directed the executor to liquidate all of his notes, bonds and mortgages and to use the proceeds to pay certain taxes and remainder to be paid to five parties named in this clause, share and share alike.

Judge Cothran after referring to the residuary clause in the will in the *Torre case* stated:

"That, of course, in a sense, is a residuary clause, but it is not a general residuary clause; it disposes only of that particular residuum which is constituted a trust fund in the hands of the executors out of which they are directed to pay certain persons named, certain sums of money. There is no indication in the will that in the event that there should be a lapse of any interest, the amount of the interest should be-

come a part of the residuum. The testatrix does not seem to have considered the possibility of a lapse and therefore appears to have made no provision for it."

Judge Cothran went on to say that the testatrix might have provided a general residuary clause which would have directed the disposition of all property not passing by will, but that as he veiwed it she did not do, and as a consequence, the amount bequeathed to W. T. Chestnut out of the first residuum became intestate property distributable among the heirs-at-law of the testatrix.

44 L. R. A. (N. S.), 811, 28 A. L. R., 1237, 139 A. L. R., 870 and 884, 28 A. L. R., 1237. *Moore v. McWilliams,* 3 Rich. Eq., 10. *Telfair v. Howe,* 3 Rich. Eq., 282.

The principles set forth in the foregoing are applicable to this case, therefore it is the opinion of this court that the void portion of the will is intestate property and distributable among the heirs-at-law of the testator except that the interest of Balmer Lee Davis and Walter K. Davis shall not exceed in value any property, estate or interest which they would be entitled upon the failure to establish such will.

The question of payment of cost, expenses and debts of the estate was not raised before the Circuit Court and therefore not properly before this court.

Judgment affirmed.

Messrs. Associate Justices Stukes, Oxner and Mr. Acting Associate Justice Steve C. Griffith concur. Mr. Chief Justice Baker did not participate.