19804

T. Moultrie DABNEY et al., Appellants, v. Mrs. Thelma ESTES,
Respondent

(204 S. E. (2d) 887)

*Raymond K. McKenzie, Esq.,* of Florence, *for Appellants,*

*Wylie H. Caldwell, Jr., Esq.,* of Florence, *for Respondent,*

April 9, 1974.

LEWIS, Justice:

This action involves the construction of the will of Azolee D. Moseley, particularly Items 2 and 5 thereof. She died on July 4, 1967 and her will was admitted to probate in Florence County.

The first item of the will provides for the payment of the debts and funeral expenses of the testatrix. Item 2 is as follows:

"I give, devise and bequeath my real property for and during his lifetime to my husband, George W. Moseley, and at his death, the remainder interest is given, devised and bequeathed unto William B. Mason and Mildred Floyd Mason, provided they move into the home, and care for George W. Moseley, and if he needs medical care, they are to provide him with hospital care and not nursing home

care. My said real estate may be charged with an equitable lien in order to accomplish this provision of mine."

The third item is a specific bequest of an automobile and a bank account to her husband, George W. Moseley. The fourth item is a bequest of $1,000.00 to T. M. Dabney, if he be living, otherwise this bequest to go to James L. Dabney. Also, this item gives any remaining funds in a Building and Loan Association to James L. Dabney, if living; but if he is not living then the bequest to go to his children.

Item 5 is as follows:

"I have furnished my executor a signed list as to certain jewelry, furniture, china and mirrors, with beneficiaries named thereon. Any further real or personal property residual, I give, devise, and bequeath same to George W. Moseley."

The executor was named in the sixth item of the will.

The list of items of personal property with the beneficiaries, referred to in Item 5, was never furnished to the executor and was never found. After the death of the testatrix, the devisees of the remainder interest referred to in Item 2 acknowledged that they had not performed the conditions required of them with reference to the care if the husband of testatrix and renounced any interest they might have had in the real property mentioned in Item 2.

George W. Moseley, the husband of the testatrix, died on October 15, 1972, leaving a will wherein he devised all of his property to the respondent, Mrs. Thelma Estes.

The appellants are collateral heirs of the testatrix and would inherit any part of her estate passing as intestate property.

The issues in this case arise out of the failure of the testatrix to furnish the list and beneficiaries of the personal property mentioned in Item 5; and the rejection by the Masons of the devise of real property to them in Item 2. The question to be decided is whether these lapsed bequests in Items 2 and 5 passed as intestate property to the appel-

lants as heirs at law of the testatrix; or as residual estate to her husband under Item 5, and consequently to respondent under the will of the husband. This turns upon whether Item 5 of the will contains a general residuary clause effective to pass the lapsed bequests in Items 2 and 5 to George W. Moseley, husband of the testatrix. If it does not, it is conceded that such bequests would pass as intestate property and respondent would have no rights therein.

The second sentence of Item 5 contains the language in question. It reads:

"Any further real or personal property residual, I give, devise, and bequeath same to George W. Moseley."

The fact that Item 5 constitutes a residuary clause is not questioned. Disagreement arises as to its effect. Respondent contends that it is a general residuary clause effective to pass the lapsed bequests; while appellants take the position that, by the use of the language "any further" real or personal property, the testatrix intended to include in the residual estate only such property as she might own in addition to that already disposed of in prior items of the will.

The lower court held that the provisions of Item 5 constituted a general residuary clause and that the lapsed bequests of real and personal property passed thereunder to the husband, George W. Moseley. We think that this is the proper construction of the residuary clause.

The construction to be placed upon the residuary clause must be determined in the light of the well settled principles that (1) when one makes a will, there is a presumption that he intends to dispose of the entire estate, and not to die intestate as to any part of it, *McDonald v. Fagan,* 118 S. C. 510, 111 S. E. 793; and (2) no particular language is necessary to effect disposition of the entire residue of the estate, but the intention as shown by the will as a whole governs, *Watson v. Wall,* 229 S. C. 500, 93 S. E. (2d) 918.

What then did the testatrix mean to convey by the devise to her husband of "any further real or personal property residual."?

Appellants emphasize the use of the adjective "further" in the designation of the property included in the residuary clause, and argue that it means "additional," indicating additional or other property than that previously disposed of in the preceding items. While it is true that this is one of the definitions of the word, it may have other meanings, depending upon the context in which it is used. The word "further" is not a word of strict legal or technical import. Black's Law Dictionary, Fourth Edition. The meaning which the testatrix intended to convey by its use will be determined from its relationship to other words and expressions used in the will and, when her intention is discovered, it will be enforced, even though a meaning broader or narrower than is usual be given to the word. *Schultz v. Barr,* 186 S. C. 498, 196 S. E. 177.

The word "further" is used in connection with the words "any" and "residual," all modifying the word "property." "Residual" refers to the residue or part remaining and, in its general sense, refers to the remainder of the estate after all debts and bequests have been paid. Black's Law Dictionary, Fourth Edition.

In the context here used, "any further real or personal property residual" has the same meaning as "rest," "residue," or "remainder" and refers to the remaining or other property after all debts and bequests have been made. Under such interpretation, the residuary clause includes the general residue of the estate. We think that this interpretation gives effect to the intent of the testatrix as gathered from the entire will.

The provisions of the will show that the testatrix was primarily concerned with the welfare of her husband in making disposition of her estate. After devising, in Item 2, her real property to him, the remainder interest was

given to the Masons provided they moved into the home and cared for the husband. In Item 4, bequests were made to T. M. and James L. Dabney, (under whom most of the appellants claim), with provisions for these bequests to go to the children of James L. Dabney, in the event of the prior death of the named legatee. Then follows the devise, in Item 5, of the *residual* estate to her husband. It is reasonable to assume that the testatrix included the residuary clause so that her husband would have the property in the event the Masons failed to care for him. Certainly, the naming of the husband as the devisee of the residuary estate, instead of her heirs at law, whom she had recognized in the other parts of the will, was entirely consistent with her clearly evidenced desire to provide for his care.

Since the provision constitutes a general residuary clause, the renounced devise in Item 2 and the lapsed bequest in Item 5 pass thereunder as *residual* estate to the husband. *Watson v. Wall, supra.*

In construing Item 5 as a general residuary clause, we give effect to every provision of the will, thereby avoiding intestacy as to any part of the estate, and enforce the clearly indicated intention of the testatrix.

The judgment of the lower court is accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.