20275

Harriette S. BAHAN and Stephen F. Bahan, of whom Stephen F. Bahan is, Appellant, v. CITIZENS AND SOUTHERN NATIONAL BANK OF SOUTH CAROLINA, Administrator, d/b/n, c/t/a of the Estate of Edward F. Bahan, Respondent.

(227 S. E. (2d) 671)

*Messrs. Wesley M. Walker* and *J. Richard Kelly,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for Appellant,*

*W. W. Wilkins, Esq.,* of Greenville, *for Respondent,*

August 18, 1976.

LEWIS, Chief Justice:

This appeal requires a construction of the will of Edward F. Bahan, deceased, to determine whether a disclaimer by his wife of certain devises and bequests to her under the residuary clause of his will operated to pass the estate in the disclaimed property under the residuary clause or as intestate property.

The will of Edward F. Bahan was dated March 20, 1969 and contained five items. Item 1 provided for the payment of debts; Item 2 was a devise of realty which lapsed into the residuary; Item 3 bequeathed $25,000.00 to Stephen F. Bahan, an adopted son; Item 4 was a general residuary clause in which all of the remainder of the estate was devised and bequeathed to testator's wife, Harriette S. Bahan, "with any child or children, including the adopted son, to inherit if she fails to survive me or in the event my wife and I meet death simultaneously." Respondent, Citizens and Southern Bank (C&S) was named guardian for the adopted son if he was under twenty-one and the wife was not living.

Item 5 of the will named the wife as executrix. She served in this capacity until she resigned on December 11, 1975, at which time C & S was appointed administrator of the estate.

This action arises out of a disclaimer executed by the wife, Mrs. Bahan, on November 23, 1973, in which she renounced her right under the will to a remaining one-fourth (¼) interest in certain real property on the Saluda River, 30 shares of the common capital stock of Bahan Textile Machinery Company, and cash in the sum of $150,-000.00. The properties disclaimed represented a portion of the properties passing under the residuary clause of the will.

The disclaimer also purported to renounce the wife's interest in the above mentioned property as heir under the laws of descent and distribution. Since we conclude that

the disclaimer was an effective renunciation of her interest under the will, we do not reach the question of whether it would be valid as a renunciation of an intestate share.

It was stipulated that "the material deduction for estate tax purposes was substantially overfunded and that the assets constituting the residuary estate, excluding a full marital deduction and excluding the property disclaimed, would be sufficient to pay all debts and expenses."

This action was brought to have the disclaimer declared valid and effective to renounce the wife's interest in the designated properties under the will of her husband and to determine the liability of the assets disclaimed for payment of a pro rata share of estate taxes, debts, and expenses. The facts are not in dispute.

Mrs. Bahan and her son are the only heirs of the testator. At the time of the execution of the disclaimer, there had been no material distribution of the assets of the estate to the beneficiaries and Mrs. Bahan had not agreed or elected to accept the bequest or devises offered to her under the will, nor had she elected to claim dower rights. Subsequent to the disclaimer, Mrs. Bahan, as executrix, distributed the stock of Bahan Textile Machinery Company to her son. The remaining disclaimed assets are held for distribution subject to the decision in this case.

The master, to whom the issues were referred, and the circuit court concurred in their findings that the wife had the right to accept or decline the beneficial bequests and devises or any portion thereof and that the disclaimer executed by her was a complete and effective renunciation prior to acceptance. It was further found that the testator intended to die testate and therefore the disclaimed assets passed to the adopted son under the residuary clause of the will. The lower court also held that, since the renounced property passed as a part of the residuary, the renounced assets must bear a proportionate share of the estate taxes, debts and expenses. We agree.

Appellant (the adopted son) does not contest in this appeal the validity, effectiveness or timeliness of the disclaimer. He does contend, however, that the disclaimed assets should not have to bear a proportionate share of the estate taxes, debts, and funeral expenses. His contention is based solely upon the premise that the renounced property did not pass under the residuary clause but rather as intestate property upon the renunciation by Mrs. Bahan.

If the disclaimed property retained its character as a part of the residuary estate, appellant concedes that it would have to share a portion of the burden of debts, expenses, and estate taxes. The sole question to be decided then is whether the disclaimed property passed under the residuary clause of the will or as intestate property. The provisions of the residuary clause (Item 4) are as follows:

"All the remainder of my estate including both real and personal property and including all my stock in the Bahan Textile Machinery Company, Inc., which I now own or may hereafter acquire or in which I may have an interest, and wherever situate, I will, devise and bequeath to my wife, Harriette S. Bahan, absolutely (but provided, however, that if she fails to survive me or in the event my wife and I meet death simultaneously, then to such child or children as I may leave surviving me, including my adopted son, Stephen Bahan, share and share alike.)

"In the event my wife, Harriette S. Bahan, fails to survive me or in the event we meet death simultaneously and at that time, my adopted son, Stephen Bahan, shall, be under the age of Twenty-one years, it is my desire that The Citizens & Southern National Bank, Greenville, S. C., be appointed as General Guardian for my said adopted son."

Whether the disclaimed property retained its character as a part of the residuary estate or passed as intestate property depends upon the intent of the testator as gathered from the entire will. The applicable

rules of construction were thus stated in *Dabney v. Estes,* 262 S. C. 336, 204 S. E. (2d) 387:

"The construction to be placed upon the residuary clause must be determined in the light of the well settled principles that (1) when one makes a will, there is a presumption that he intends to dispose of the entire estate, and not to die intestate as to any part of it, *MacDonald v. Fagan,* 118 S. C. 510, 111 S. E. 793; and (2) no particular language is necessary to effect disposition of the entire residue of the estate, but the intention as shown by the will as a whole governs, *Watson v. Wall,* 229 S. C. 500, 93 S. E. (2d) 918."

We have recognized the general rule "that a devise or bequest that has been renounced passes under the general residuary clause." *Watson v. Wall,* 229 S. C. 500, 93 S. E. (2d) 918. As pointed out in *Watson*: "The rule that a lapsed devise or bequest passes under the general residuary clause is founded not upon the assumption that the testator foresaw the possibility of lapse, but upon the presumption against partial intestacy."

Appellant relies, however, upon the general principle that, if the gift which fails is itself a part of the residuary it passes by intestacy. 80 Am. Jur. (2d) Wills, Section 1695; Page on Wills, Section 33.56. We have recognized the above principle where the residuary clause is to several devisees or legatees in common, *Davis v. Davis,* 208 S. C. 182, 37 S. E. (2d) 530; and where there was no provision for a substitute legatee or devisee, *Padgett v. Black,* 229 S. C. 142, 92 S. E. (2d) 153. These decisions were based upon the finding by the court as to the intent of the testator.

The foregoing rule, however, does not apply where it clearly appears that the testator intended that the lapsed or renounced bequest pass under the residuary clause.

We think the lower court correctly held that the renounced bequest in this case did not pass as intestate property.

The will devises the residuary estate to Mrs. Bahan, the wife, with the alternate provision that the remainder go to the adopted son in the event his wife "fails to survive me or in the event my wife and I meet death simultaneously." While no provision was specifically made in the event of a lapse in the residuary for any other cause, the language clearly shows that the testator intended to dispose therein of "all the remainder of my estate including both real and personal property." The disclaimer does not change the expressed purpose of the residuary clause to pass all the remaining property of the testator.

The beneficiaries under the residuary clause and the testator's heirs-at-law were the same. It is unreasonable to assume that, having disposed of the entire remainder of the estate to his wife and, in the event of her death to the adopted son, that testator intended that any of his estate should pass to these same persons as intestate property. If the wife had predeceased the testator, there can be no doubt the adopted son would have taken the *entire* residuary estate as the substitute beneficiary. Although a lapse of the residuary estate by renunciation or disclaimer was not expressly anticipated by the testator, a possible lapse in the event of the death of the wife was contemplated, resulting in the designation of the adopted son to receive the estate. We agree with the lower court that the testator intended for the adopted son to receive the residuary estate in the event the wife failed to take for any reason.

The judgment is accordingly affirmed.

Littlejohn, Ness, Rhodes and Gregory, JJ., concur.