## 22649

GUARANTY BANK & TRUST COMPANY as substitute trustee under the Will of R. P. Byrd, dated January 13, 1928, Respondent v. R. P. BYRD, Jr., Individually and as Executor of Carrie Mae L. Byrd, Deceased, Thomas Edward Byrd, Joanne Byrd Mathers, Redden P. Byrd, III, Edward L. Young, John E. Lunn, Dusenbury, Dusenbury & McKenzie Legal Enterprises, Inc., Milton E. Grusmark, Epworth Children's Home (Epworth Orphanage), Claude V. Brown, Trustee of the George S. Byrd Lands, Pee Dee Production Credit Association, The Citizens and Southern National Bank of South Carolina, and John Doe and Mary Roe, as Minor and Unknown, Unborn, Incompetent Remaindermen Under the Will of R. P. Byrd dated January 13, 1928, and Eugene Fallon, Jr., Esquire, Representing John Doe and Mary Roe as Unknown, Unborn and Incompetent, Contingent and Unknown Remaindermen, Defendants, of whom Epworth Children's Home is Petitioner, and R. P. Byrd, Jr., Thomas Edward Byrd, Joanne Byrd Mathers, Edward L. Young, John E. Lunn, Dusenbury, Dusenbury & McKenzie, and Milton E. Grusmark, are also Respondents.

(355 S. E. (2d) 529)

Supreme Court

*Rudolph C. Barnes, William C. Stork,* both of *Barnes, Alford, Stork & Johnson; Albert L. Moses,* of *Lumpkin and Sherrill,* Columbia; and *John R. Chase,* of *Coleman, Aiken and Chase,* Florence, *for petitioner.*

*E. N. Zeigler,* of *Zeigler, McEachin & Graham,* Florence, *for respondent Guar. Bank and Trust Co.*

*Elizabeth A. Carpentier, Charles W. Knowlton,* and *J. Donald Dial,* all of *Boyd, Knowlton, Tate and Finlay,* Columbia, *for respondents R. P. Byrd, Jr., Thomas Edward Byrd, Joanne Byrd Mathers, Edward L. Young, John E. Lunn, Dusenbury, Dusenbury & McKenzie,* and *Milton E. Grusmark.*

*W. Reynolds Williams,* Florence, *for defendants Edward L. Young* and *John E. Lunn.*

*Richard G. Dusenbury;* and *Bernard D. Dusenbury,* Florence, *for defendant Dusenbury, Dusenbury & McKenzie Legal Enterprises, Inc.*

*Marvin P. Jackson, Jr.,* Florence, *for defendant Claude V. Brown.*

*John L. McGowan* and *L. Franklin Elmore,* Florence, *for defendants Pee Dee Production Credit Ass'n* and *The Citizens and Southern Nat. Bank of South Carolina.*

*Eugene A. Fallon, Jr.,* Florence, *for defendants John Doe* and *Mary Roe.*

*F. Lee Morgan, Jr.,* Florence, *for defendant Eugene Fallon, Jr.*

*M. Glenn Odom,* Florence, *Guardian ad Litem for John Doe.*

Heard Oct. 9, 1986.

Decided Dec. 29, 1986.

GREGORY, Justice:

This is an action to construe a will. Petitioner Epworth Children's Home holds a contingent remainder interest in a trust created by the will of R. P. Byrd, Sr. The Court of Appeals affirmed the trial court's finding that the re-

mainder interest in question should pass by intestacy. *Guaranty Bank and Trust Co. v. Byrd*, 287 S. C. 96, 337 S. E. (2d) 231 (Ct. App. 1985). We disagree.

R. P. Byrd, Sr., died testate in 1928. His will established a lifetime trust for each of his two sons, George and R. P., Jr. George died childless in 1981 survived only by his wife and his brother, R. P., Jr.

Item 3 of the will disposes of the remainder interests in the sons' lifetime trusts as follows:

> Should the said beneficiaries or either of them die leaving an [sic] wife and a child or children then the title to the property hereinbefore provided for them shall vest in fee simple in his or their heirs, *provided, however* that should the wife of either, or both of said beneficiaries die leaving no issue, child or children on [sic] my said son or sons, then the wife or wives of either of the said beneficiaries to be vested with only a life estate in the property hereinabove provided for my said sons, respectively, with remainder over, after their death to the Official Board of Epworth Orphanage, an institution of the Methodist Church located at Columbia, S. C., to have and to hold the same in fee simple for the benefit of the said institution. (Emphasis added).

This poorly drafted sentence has spawned years of litigation. Epworth claims that under the *provided however* clause, a son's wife has a life estate and Epworth the remainder. R. P., Jr. (respondent), however, claims the *provided however* clause applies only when a son dies leaving a wife and child and then the wife dies before the child. R. P., Jr.'s theory is that because none of the contingencies mentioned in the will applies when a son dies leaving only a wife, George's share must pass by intestacy. R. P., Jr., would take George's share in fee simple if it passed by intestacy rather than under the will.

Our primary purpose in construing a will is to discover and give effect to the testator's intent as derived from a reading of the will as a whole. *May v. Riley*, 279 S. C. 248, 305 S. E. (2d) 77 (1983). The will clearly expresses R. P. Byrd, Sr.'s intent that neither of his sons receive property unencumbered by a trust. It also expressly provides that his grandchildren take in fee simple property

that his sons received only in trust. Contrary to the testator's expressed intent, R. P., Jr.'s proposed construction would result in the disinheritance of grandchildren if a son died survived only by children and no wife.

We find the testator's intent to be that Epworth ██ receive the remainder interest in a son's trust if a son died survived by a wife but no children. This construction is consistent with the presumption against intestacy which governs us in construing a will. *Dabney v. Estes*, 262 S. C. 336, 204 S. E. (2d) 387 (1974).

Our construction is also consistent with the view of the late Honorable L. D. Lide, Resident Judge of the Twelfth Judicial Circuit, who construed this same provision of R. P. Byrd, Sr.'s will in an unappealed 1944 order. Because the issue of disposition of the remainder interests was not actually litigated in the 1944 action, Judge Lide's finding is dictum and cannot operate to collaterally estop determination of the issue in this case. *See Lowe v. Clayton*, 264 S. C. 75, 212 S. E. (2d) 582 (1975). We agree, however, with his interpretation of this provision of the will.

Accordingly, the judgment of the Court of Appeals is reversed and the case is remanded to the trial court for entry of judgment for Petitioner Epworth Children's Home.

Reversed and remanded.

NESS, C. J., and CHANDLER and FINNEY, JJ., concur.

HARWELL, J., not participating.