CASSIUS C. POWERS *vs.* GEORGE A. P. CODWISE, executor.

Suffolk.    November 14, 1898. — January 7, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Scire Facias — Trustee Process — Will — Void Legacy — One Half of Residue to be administered as Intestate Estate.*

A testator gave by will the residue of his estate "unto my two nieces now living, G. and F., . . . to be equally divided between them, share and share alike." The legacy to G. was void under Pub. Sts. c. 127, § 3. *Held,* that that legacy must be administered as intestate property.

SCIRE FACIAS.    Trial in the Superior Court, without a jury, before *Richardson,* J., who ruled that the legacies to Georgie S. Livermore were void, and went to the heirs at law of the testator as undevised estate, and that as the share of the original debtor, Elisha W. Shaw, in this personal property was $22.50, the plaintiff was entitled to judgment for that amount and costs; and the defendant alleged exceptions. The facts appear in the opinion.

*G. A. P. Codwise, pro se.*

*C. C. Powers, pro se.*

FIELD, C. J.    This is a writ of scire facias to recover a certain amount of money from the defendant, who, as executor of the will of James M. Shaw, was charged as trustee in an action by the plaintiff against Elisha W. Shaw. Isaac H. Hazelton, Oliver C. Livermore, and Arnold Livermore were the witnesses, and the only witnesses, to the will. Oliver C. Livermore when the will was executed was, and ever since has been, the husband of Georgie S. Livermore, who was one of the nieces of James M. Shaw living at the time of his decease. The three articles of the will material to the present case are as follows:

"Fourth. I give and bequeath to each of my nieces living at my decease $100. . . .

"Seventh. I give and bequeath, as a token of remembrance to each, Elisha W. Shaw, Daniel C. Shaw, Frank M. Shaw, and Sanford P. Judkins, $50.

"Eighth. All the rest, residue, and remainder of my estate, whether real, personal, or mixed, I give, devise, and bequeath unto my two nieces now living, Georgie S. Livermore and Fanny M. Hildreth, daughters of my late brother, George W. Shaw, deceased, to be equally divided between them, share and share alike, to hold by them and their heirs and assigns forever."

The present defendant has paid to the plaintiff $50, with interest, being the amount of the legacy given to Elisha W. Shaw by the seventh article of the will. The Superior Court ruled that all legacies given by the will to Georgie S. Livermore are void, because she was and is the wife of one of the three witnesses of the will. Pub. Sts. c. 127, § 3. The gift of $100 to Georgie S. Livermore by the fourth article of the will being void, this would go into the residue of the estate given and devised by the eighth article. By the eighth article the residue is given and devised unto two nieces, Georgie S. Livermore and Fanny M. Hildreth, " to be equally divided between them, share and share alike."

The only question of law raised by the exceptions is whether, that part of the residue of personal property given to Georgie S. Livermore being void, the whole goes to Fanny M. Hildreth, or whether the part given to Georgie S. Livermore must be admin-

istered as intestate estate.   We think that the Superior Court rightly ruled that, under the residuary clause, one half of the residue was given to Georgie S. Livermore, and, being void, this one half must be administered as intestate property.   *Lombard* v. *Boyden,* 5 Allen, 249.   *Sohier* v. *Inches,* 12 Gray, 385.   *Swallow* v. *Swallow,* 166 Mass. 241.   *Frost* v. *Courtis,* 167 Mass. 251. *Burnet* v. *Burnet,* 3 Stew. (N. J.) 595.

*Exceptions overruled.*