ESTATE OF REICHENBERGER: GUENTHER, Appellant, vs. BINDER, Executor, Respondent.

*January 13—February 7, 1956.*

For the appellant there was a brief by *Williams, Williams & Meyer* of Oshkosh, and oral argument by *Eugene G. Williams*.

For the respondent there was a brief by *Keefe, Patri, Stillman & Nolan,* and oral argument by *Charles F. Nolan* and *William E. Crane,* all of Oshkosh.

BROWN, J.   Mrs. Reichenberger died testate December 8, 1953. By her will she bequeathed $200 to her granddaughter, Anna, $100 to her daughter, the appellant Mary, and $100 to her great-grandson, David. All the residue of the estate was bequeathed to her son, Michael. The will was witnessed by two persons, one of whom was Michael's wife. The trial court recognized that secs. 238.08 and 238.09, Stats., are applicable. They read:

"WITNESSES TO WILL NOT TO TAKE UNDER IT.  All beneficial devises, legacies, and gifts whatsoever, made or given in any will to a subscribing witness thereto, or to the husband or wife of a subscribing witness thereto, shall be wholly void unless there be two other competent subscribing witnesses to the same; but a mere charge on the lands of the devisor for the payment of debts shall not prevent his creditors from being competent witnesses to his will."

"WHEN DEVISE TO WITNESS SAVED. But if such witness or the husband or wife of such witness, to whom any beneficial devise may have been made or given, would have been entitled to any share of the estate of the testator in case the will was not established, then so much of the share that would have descended or been distributed to such witness or to the husband or wife of such witness as will not exceed the devise or bequest made to him in the will shall be saved to him, and he may recover the same of the devisees or legatees named in the will, in proportion to and out of the parts devised or bequeathed to them."

The distributable estate is $6,082.15, all in cash. Testatrix's daughter, Mary, and her son, Michael, are her only heirs-at-law.

The controversial part of the final judgment is:

"That the residue of said personal estate consisting of the money, goods, chattels, rights, and credits aforesaid be and the same is hereby assigned as follows: $200 to Anna Guenther (Anna Drexler) granddaughter; $100 to Mary Guenther, daughter; $100 to David Guenther, great-grandson, pursuant to paragraph Second of decedent's will;

"That by reason of Eleanor Reichenberger, wife of Michael Reichenberger, being a subscribing witness to decedent's will, the share which shall be assigned to Michael Reichenberger by reason of paragraph Third of said will shall be $3,041.07, being the share which would have descended or been distributed to said Michael Reichenberger if the will had not been established;

"That all of said residue in excess of $3,041.07 which would otherwise be assigned pursuant to paragraph Third, the residuary clause of said will, being not effectively disposed of by the will of said testatrix, shall be distributed as provided in section 318.01, Wisconsin statutes, in equal shares, to the children of said testatrix: Michael Reichenberger and Mary Guenther, to each a one-half part thereof."

The appellant, Mary, objects to dividing the excess residue with Michael, as adjudged by the last paragraph of the judgment, *supra*.

By sec. 238.08, Stats., the bequest of residue to Michael is void. By sec. 238.09 Michael, as an heir-at-law, may still take a share of the estate, as though there had been no will, providing that what is so taken does not exceed the bequest made him in the will.

Some confusion may have been produced by the heading of sec. 238.09, Stats., "When devise to witness saved." In 1849 and thereafter, until 1898, the heading was "When share of *the estate* to be saved to subscribing witness." In the revised statutes of 1898 the present title first appears. It is evidently a revisor's interpretation but even if it was enacted by the legislature, as the title to the subsection, it would not be effective to change the body of the section or even to create an ambiguity. "Sec. 370.001 (6), *Statute Titles.* The titles to subchapters, sections, subsections, and paragraphs of the statutes are not part of the statutes." It is perfectly clear from the body of sec. 238.09 that it is the share of the estate, rather than a part of a devise or bequest which, under some circumstances, may be saved to one who has lost a legacy because an improper person witnessed a will.

Applying the statute to the facts at hand, there results: The distributable estate is $6,082.15. The legacy to Michael is void but by sec. 238.09, Stats., he shall have the share he would have taken if there had been no will. As one of two heirs-at-law, therefore, he would have taken one half of the distributable estate, or $3,041.07, which does not exceed the amount which the will attempted to give him.

Sec. 238.09, Stats., provides that Michael may recover this amount from the devisees or legatees named in the will in proportion to their legacies. We regard this provision as a protection to the heir-at-law in case the specific legacies are so many or so large that the part of the estate saved to him, and not in excess of the void bequest, cannot be his without contribution by the specific legatees. In the present case there is no necessity of charging such legatees in order to make up

the share saved to Michael by the statute. The will is not void as far as they are concerned and their legacies ought not to be disturbed nor does the statute command it. Payments, then, of one half the distributable estate to Michael, $3,041.07, and $400 in specific legacies, leaves $2,641.08 out of the original $6,082.15. The trial court erroneously considered that this balance, being intestate property, because the bequest of it to Michael was void, must be divided between the two heirs-at-law. The error is in thinking that Michael is eligible to receive any part of this. Sec. 238.09 distinctly limits the share of the estate which he may take to that part which would have descended to him in an intestacy, but not more than the value of the void bequest. The share so limited in this case was $3,041.07. The statute prohibits giving him more. The portion of the estate still undistributed and unprovided for by a valid bequest must go to the only eligible heir-at-law. That person is the appellant.

We recognize that the expense of this appeal will reduce the distributable estate below the sum named in the final judgment. On remand the distributable estate must be recalculated and one half of the amount so ascertained should be assigned to Michael, the specific legacies totaling $400 assigned to the legatees named in the will, and the remainder assigned to the appellant, Mary Guenther, daughter of the testatrix.

*By the Court.*—The part of the judgment appealed from is reversed, and the cause remanded with directions to amend the final judgment in accordance with this opinion.