[Civ. No. 22977. Second Dist., Div. Three. Dec. 11, 1958.]

Estate of ALBERT HERMAN, Deceased. PEARL CANIS, Appellant, v. JOSEPH HARRIS, as Executor, etc., et al., Respondents.

Sandford R. Willford for Appellant.

Howard A. Levine, Ralph Sadler Rosen and Roy S. Ferkich for Respondents.

PATROSSO, J. pro tem.*—This is an appeal by Pearl Canis from an order instructing the executor of the last will and testament of the above named decedent to sell an automobile and household furniture constituting a part of the decedent's estate which property by the will was specifically bequeathed to the appellant.

The decedent died testate leaving surviving as his sole heirs-at-law seven brothers and sisters including the appellant. His will which was admitted to probate was witnessed by only two persons, one of whom is the appellant. After providing for a number of specific devises and bequests including the one previously mentioned to the appellant the testator devised and bequeathed the residue of his estate in trust to the extent of $10,000 for the benefit of his niece Rebecca Hammes. The will is silent as to the intended beneficiaries of the balance of the trust in the event the residuary estate should exceed $10,000.[1]

The respondent executor filed with the court below his petition for instructions wherein he set forth that by the terms of the will a 1956 Oldsmobile and certain household furniture stored at the Bekins Van and Storage Company was bequeathed to the appellant; that the automobile and furniture were depreciating property and in addition charges were being incurred for the storage of the furniture; that certain of the beneficiaries under the will other than the appellant had made demand upon the executor that the automobile and furniture be sold immediately claiming that the bequest of these items to the appellant was invalid under Probate Code, section 51, by virtue of the fact that she was a subscribing witness to the will and that appellant had notified the respondent that she would not consent to the sale of said items. The respondent prayed the instructions of the court as to "Whether the specific bequests to PEARL CANIS, to-wit, the 1956 Convertible Oldsmobile automobile and the household furniture, mentioned in the will of the deceased, should be sold as depreciating property under Section 770 of the Probate Code." Upon the hearing of the petition the court below made the order previously mentioned from which this appeal is taken.

In his brief respondent states that he takes no "position as to the applicability of Section 51 of the Probate Code upon the specific gifts to Pearl Canis" but that it is his contention

---

*Assigned by Chairman of Judicial Council.

[1]We are not here concerned with the construction of the trust provision and mention thereof is made only to indicate that there is a residuary estate.

that, irrespective of the interpretation to be accorded to said section, the court below was authorized to direct the sale of the automobile and household furniture as depreciating property by virtue of the provisions of section 770 of the Probate Code. However, inasmuch as it is undisputed that there is estate not specifically bequeathed or devised which is sufficient to pay the debts and charges of administration, the validity of the bequest to the appellant is necessarily involved for if under these circumstances section 770 of the Probate Code does not authorize the sale of property which is specifically bequeathed, the validity of the bequest to the appellant under section 51 is necessarily involved. We therefore first address ourselves to this question.

██ Section 51 of the Probate Code reads as follows: "All beneficial devises, bequests and legacies to a subscribing witness are void unless there are two other and disinterested subscribing witnesses to the will, except that if such interested witness would be entitled to any share of the estate of the testator in case the will were not established, he shall take such proportion of the devise or bequest made to him in the will as does not exceed the share of the estate which would be distributed to him if the will were not established."

The appraised value of the estate is $76,040.96 and it is undisputed that if the decedent had died intestate appellant would receive as an heir a sum in excess of the appraised value of the automobile and the household furniture in question. In this situation it is clear that by virtue of the provision of section 51 above quoted the bequest to the appellant is valid notwithstanding the fact that she was a subscribing witness to the will, as the value of the property bequeathed "does not exceed the share [1/7th] of the estate which would be distributed to [appellant] if the will were not established."

██ The next and final question is whether the probate court may direct the sale of specifically bequeathed personal property where there is ample estate not specifically devised or bequeathed to pay debts and charges of administration. The ready answer to this question is to be found in Probate Code, section 750 (formerly Civ. Code, § 1359, Code Civ. Proc., §§ 1560, 1562, 1563) which makes specific provision for the order of resort for the payment of debts and expenses of administration, namely: (1) property which is expressly appropriated by the will for the payment of debts and expenses of administration; (2) property not disposed of by the will;

and (3) property given to residuary legatees or devisees. Moreover said section expressly provides that "specific devises and legacies are exempt from such liability [payment of debts, expenses of administration and family allowance] if it appears to the court necessary to carry into effect the intention of the testator."

In the *Estate of Hall* (1920), 183 Cal. 61 [190 P. 364] the court said (p. 62): "The general rule is that property not disposed of by the will should be first resorted to for the payment of all demands against the estate. This is so for the reason that the law endeavors to carry out the intent of the testator as far as possible and, therefore, property not disposed of by the will should be so applied as to render it certain that the dispositions actually made by the testator will be effective." And at page 64: "There is no inconsistency, therefore, in holding that portions of the residue undisposed of by the will must be used for the payment of charges before resort may be had to the residuary legacies effectually devised or bequeathed. The fallacy in the position of appellant arises from a failure to distinguish between the distribution of the property in accordance with the terms of the will and the payment of debts as provided by law. The court first determines the rights of the parties under the will and then applies the law with relation to the payment of indebtedness. The latter is purely an incident of administration enforced by the law and should so operate as to cause the minimum amount of disturbance to the rights of the parties under the will."

Nor does section 770 of the Probate Code operate, as respondent in effect contends, to modify the provisions of section 750. The former section merely provides that "Perishable property and other personal property which will depreciate in value if not disposed of promptly, or which will incur loss or expense by being kept, ... may be sold without notice." This section relates solely to the procedure for the sale of the property of the category therein mentioned, not to the order in which property of the estate may be resorted to for the payment of debts and charges of administration. The right to resort to personal property which is specifically bequeathed for the payment of debts and charges of administration is no different in the case of perishable property or that which will depreciate in value if not disposed of promptly from the right in the case of personal property generally.

The trial court therefore erred in directing the sale of the

automobile and household furniture specifically bequeathed to the appellant.

The order appealed from is reversed.

Shinn, P. J., and Wood (Parker), J., concurred.