JOSEPH D. ROSENBLOOM, administrator, *vs.*
FRANCES KOKOFSKY & others.

Hampden.     October 6, 1977. — December 2, 1977.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, LIACOS, & ABRAMS, JJ.

*Will,* Bequest to spouse of witness.   *Devise and Legacy,* Spouse of witness.   *Witness,* Will.   *Statute,* Construction.

A testamentary gift to the spouse of a necessary subscribing witness to the will was void under the provisions of G. L. c. 191, § 2.   [780-783]

CIVIL ACTION commenced in the Probate Court for the county of Hampden on October 29, 1975.

The case was heard by *Placzek,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Edward V. Leja* for Jane A. Ely.

*James Moriarty, Jr.,* for Frances Kokofsky & another.

QUIRICO, J.   This is an appeal from a Probate Court judgment determining the rights of the beneficiaries under the will of Warren T. Elliot (testator). The appeal challenges the judge's conclusion that by virtue of G. L. c. 191, § 2, a legacy or devise to the spouse of a necessary subscribing witness is void. We granted direct appellate review. G. L. c. 211A, § 10 (A).

The testator executed a will in 1972, leaving all his property in equal shares to his three daughters, Jane A. Ely, Noreen Grant, and Frances Kokofsky.[1] Mrs. Ely's husband was one of the three subscribing witnesses to the will. The testator died in February, 1973, leaving his three

---

[1] Article Second of the will left all the testator's personal property to his three daughters, article Third left them the proceeds from the sale of all his real property, and article Fourth, the residuary clause, gave them equal shares in the residue.

Rosenbloom *v.* Kokofsky.

daughters as next of kin. A petition for the probate of the 1972 will was allowed, and Mr. Joseph D. Rosenbloom was appointed administrator with the will annexed (administrator).[2]

In response to a petition for instructions filed by the administrator, the judge entered a judgment to the effect that, on the basis of G. L. c. 191, § 2, which voids testamentary gifts to a subscribing witness to a will or to the spouse of such a witness, the legacy and devise to Mrs. Ely were void because her husband was one of the three subscribing witnesses to the will. Mrs. Ely appeals from this judgment and challenges the interpretation of G. L. c. 191, § 2, on which it is based.[3]

At common law, a person was incompetent to serve as a subscribing witness to a will under which he benefited as a devisee or legatee. 2 W. Page, Wills § 19.76 (Bowe-Parker rev. 1960). A will witnessed by an interested party was therefore void unless there were a sufficient number of other competent witnesses to satisfy the requirements for execution. *Id.* Most States have altered this rule, substituting provisions which allow a devisee or legatee to serve as a subscribing witness, but restrict his right to benefit from the will. *Id.*

These provisions are of several different types. Many States void so much of a bequest or devise to a witness of the will as exceeds the property that the witness would have taken if the deceased's will had not been established. T. Atkinson, Wills § 65, at 315 (2d ed. 1953). 1 W. Page, Wills § 335 (3d ed. 1941). See, e.g., *Estate of Herman,* 166 Cal. App. 2d 55 (1958) (Cal. Prob. Code § 51 [West]);

---

[2] The testator had nominated Robert M. Raymond as executor in his will. However, because Raymond declined the trust in open court, the Probate Court instead appointed Mr. Rosenbloom as administrator.

[3] At oral argument, the attorney for Mrs. Ely attempted to raise a constitutional challenge to the statute. Because this issue was neither presented to the Probate Court nor argued in the briefs, we do not reach it. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919, 921 (1975); *Board of Appeals of Maynard* v. *Housing Appeals Comm.,* 370 Mass. 64, 68 (1976).

*Rosenbloom v. Kokofsky.*

N.Y. Decedent Estate Law § 27 (McKinney). Other States extend the application of this rule to bequests or devises to the spouse of a witness, so that such gifts are void so far as they exceed what would have been the spouse's intestate share. E.g., *Davis* v. *Davis*, 208 S.C. 182 (1946) (S.C. Code § 19-260, *Estate of Reichenberger*, 272 Wis. 176 (1956) (Wis. Stat. Ann. § 853.07 [2] [West]).

Massachusetts is one of a small number of other States, see, e.g., N.H. Rev. Stat. Ann. § 551:3, which have chosen a third, more exclusive, rule. General Laws c. 191, § 2, provides that "a beneficial devise or legacy to a subscribing witness or to the husband or wife of such witness shall be void unless there are three other subscribing witnesses to the will who are not similarly benefited thereunder."[4] Mrs. Ely urges us to reject the construction of this provision which we adopted in *Powers* v. *Codwise*, 172 Mass. 425, 426 (1899) — that a bequest or devise to a subscribing witness or spouse of such a witness is entirely void — and interpret the statute so as to bring the Massachusetts rule in line with the more liberal view held in many other jurisdictions.[5] She contends that the provision as applied in the *Powers* case is inequitable because it is based on an outmoded concept of the legal identity of spouses, and that it operates to defeat the legitimate intentions of the testator.

It is clearly possible that § 2 will, at times, produce harsh results. However, the question whether an alternative formulation would be more equitable is beyond our authority to decide. The scope of the authority of this court to interpret and apply statutes is limited by its constitutional role as a judicial, rather than a legislative, body. See art. 30 of the Massachusetts Declaration of Rights. In construing a legislative enactment, it is our duty to ascertain and implement the intent of the Legislature. See

---

[4] Effective January 2, 1978, the requirement of § 2 will change from three to two witnesses. St. 1976, c. 515, § 5, as amended by St. 1977, c. 76, § 2. In all other respects the provision remains the same.

[5] See *supra* at 779-780.

*Baker Transp., Inc.* v. *State Tax Comm'n,* 371 Mass. 872, 875-877 (1977). If the language of a provision is unclear, a court may look to outside sources for assistance in determining the correct construction. *Massachusetts Mut. Life Ins. Co.* v. *Commissioner of Corps. & Taxation,* 363 Mass. 685, 690 (1973). Where, however, no such ambiguity exists, these outside aides are unavailable, *id.; Rice* v. *Rice,* 372 Mass. 398, 400-401 (1977); *Chouinard, petitioner,* 358 Mass. 780, 782 (1971), and the enactment must be interpreted according to the "usual and natural meaning" of its language. *Commonwealth* v. *Gove,* 366 Mass. 351, 354 (1974). We cannot interpret a statute so as to avoid injustice or hardship if its language is clear and unambiguous and requires a different construction. *Milton* v. *Metropolitan Dist. Comm'n,* 342 Mass. 222, 227 (1961).

We believe that the language of G. L. c. 191, § 2, is clear and unambiguous. It states with no uncertainty that a legacy or devise to a subscribing witness or to the spouse of such a witness is entirely void. The plain meaning of the language of the statute must be given its full effect, and the testamentary gifts to the appellant here were thus properly declared void.

Mrs. Ely's argument is further weakened by the history of G. L. c. 191, § 2. The provision has existed in a form similar to its present one since 1878. See St. 1878, c. 122, § 1, amending Gen. Sts. c. 92, § 10 (1860). In 1899, this court held that the statute (then codified as Pub. Sts. c. 127, § 3),[6] voided a legacy because the spouse of the legatee was a subscribing witness to the will. *Powers* v. *Codwise, supra* at 426. The Legislature has since had ample opportunity to alter this construction of the avoidance provision, but has not done so. Recently, § 2 was modified to reduce the number of subscribing witnesses

---

[6] This provision, substantially similar to G. L. c. 191, § 2, provided: "A beneficial devise or legacy made in a will to a person who is a subscribing witness thereto, or to the husband or wife of such a person, shall be void unless there are three other competent subscribing witnesses to such will."

necessary for the proper execution of a will, but the language of the section that voids a legacy or devise to such witness or his spouse was left intact. See St. 1976, c. 515, § 5.[7] We presume from this action that the Legislature adopted the interpretation announced in the *Powers* case, see *Bursey's Case,* 325 Mass. 702, 706 (1950); *Dolan* v. *Commonwealth,* 304 Mass. 325, 332-333 (1939), and we reject the request to change it.

The cases relied on by Mrs. Ely are based on statutes materially different from G. L. c. 191, § 2, and are therefore of little authority in the decision of the question presented here. In *Manoukian* v. *Tomasian,* 237 F.2d 211 (D.C. Cir. 1956), the Court of Appeals interpreted a District of Columbia statute (D.C. Code § 19-104) which on its face voided the entire legacy or devise to a subscribing witness to the will containing the legacy. The court disregarded the facial language of the provision, and held that the subscribing witness was entitled to so much of the legacy as he would have received had the property passed by intestacy. *Id.* at 213. In doing so, however, the court made it clear that this liberal interpretation was permissible only because the language being construed was a matter of common law, resulting from judicial precedent rather than a statutory enactment.[8] *Id.* at 214-215. This is in sharp contrast to the situation in Massachusetts where the Legislature has enacted the statute that governs the rights of subscribing witnesses to a will. Similarly, those cases cited by Mrs. Ely which are based on statutes from other jurisdictions and which preserve a subscribing witness's intestate share, see *Estate of Reichenberger,* 272 Wis. 176 (1956), or which are inapplicable to a witness's spouse, see *In re Estate of Williams,* 158 Kan. 734 (1944),

---

[7] See note 4 *supra.*

[8] The District of Columbia statute construed in *Manoukian* v. *Tomasian,* 237 F.2d 211 (D.C. Cir. 1956), D.C. Code § 19-104, was a law of the district because it was a British statute enforced in Maryland prior to the Declaration of Independence. *Manoukian, supra* at 214-215. As such, the court held that it had the effect of judicial precedent rather than legislative enactment. *Id.* at 215.

are not persuasive. The Massachusetts statute materially differs from these, and it mandates a different result. The judgment of the Probate Court was correct under our statute.

*Judgment affirmed.*