Whitehead, J.
The plaintiffs, Patricia Thomson and others brought suit appealing the issuance of a special permit by the Andover Board of Appeals to John Delourey (Delourey). Delourey brought a counterclaim alleging defamation.[3] The plaintiffs, pursuant to G.L.c. 231, §59H, have specially moved to dismiss the defamation counterclaim, which they assert is based on an exercise of their constitutional right of petition. Delourey moves for the dismissal of Count II of the plaintiffs’ Complaint, and asks the court to award attorneys fees for having to defend this allegedly frivolous count. For the following reasons, the motion of Thomson to dismiss is allowed, and the motion of Delourey to dismiss is allowed in part.
Plaintiffs’ Special Motion to Dismiss.[4] Section 59H of chapter 231 of the General Laws (the Massachusetts “SLAPP” statute[5]) provides for a “special” motion to dismiss in any civil case where a party asserts that the claims, counterclaims or cross claims against it are “based on said parly’s exercise of its right of petition” under the federal or state constitutions. The right of petition includes written statements submitted to a governmental entity in connection with issues under review by the entity, as well as any statement “reasonably likely to encourage consideration or review" by the government and any statement “reasonably likely to enlist public participation.” G.L.c. 231, §59H. The statute specifies that:
[The court] shall grant the motion [to dismiss] unless the party against whom such special motion is made shows that: (1) that [sic] the moving party’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) that the moving party’s acts caused actual injury to the responding party.
Id. (emphasis added).
The language of the Massachusetts SLAPP statute appears to be so broad[6] as to encompass counterclaims such as the defendant’s counterclaim in this case. The plaintiffs allege that the counterclaim is a SLAPP suit, and that Delourey filed it because the plaintiffs had exercised their right of petition by filing the instant lawsuit, and by writing letters which were published in the Boston Globe. The general substance of the plaintiffs’ letters, and their allegations in the underlying lawsuit, is that Delourey, who owns an industrial site near the plaintiffs’ residences, is engaging in environmentally unsound or dangerous activities. Section 59H specifically enumerates a judicial proceeding as an activity which implicates a party’s constitutional right to petition the government. In addition, writing letters to the editor of a newspaper also falls under the protection of §59H if the letters are statements that are “reasonably likely to encourage consideration or review” by the government, or are “reasonably likely to enlist public participation.”
Whether or not the counterclaim of Delourey was motivated by plaintiffs’ bringing of the principal claim is a matter the Court need not decide. In any event, given that its factual basis consists of the letters to the Globe, it is “based on” the plaintiffs’ exercise of their right of petition. The Court has examined the subject letters and concludes that they were, in fact, written to bolster the cause which the plaintiffs were advocating before the Town. That is to say, they were “reasonably likely to encourage consideration or review” by Town officials, or even more clearly, they were “reasonably likely to enlist public participation.” The letters outlined the essence of the plaintiffs’ position before the Town and concluded, respectively, with the following exhortations: “We are frustrated, but we will continue to pursue the processes that are necessary to get our neighborhood back”; and, “We will strive to get our neighborhood back.”
It having been established that Delourey’s defamation counterclaim is “based on” the plaintiffs’ right to petition, §59H shifts the burden to Delourey to show that the plaintiffs’ exercise of their right to petition was “devoid of any reasonable factual support or any arguable basis in law.” Delourey fails to make this *412 showing, making only unsubstantiated representations that the plaintiffs’ actions (the lawsuit and the Globe letters) are unsupported by evidence of the environmental problems which form their basis. Without more, §59H compels the court to allow the plaintiffs’ motion to dismiss Delourey’s defamation counterclaim pursuant to the statutory directive.[7]
Section 59H also states that, “(i]f the court grants such special motion to dismiss, the court shall award the moving party costs and reasonable attorneys fees, including those incurred for the special motion and any related discovery matters.” (Emphasis added.) Therefore, the plaintiffs are entitled to recover from Delourey their costs and attorneys fees relative to his defamation counterclaim. Because §59H explicitly allows recovery of costs and fees only when a claim is dismissed pursuant to a special motion, the plaintiffs are not entitled to recover their costs and attorneys fees related to the counts of Delourey’s counterclaim which were dismissed by stipulation prior to this motion. Based on the parties’ written submissions and oral arguments, it appears that only the costs and fees associated with the instant motion, as well as the costs and fees associated with discovery concerning the defamation count, including depositions, are recoverable. The parties may submit affidavits regarding the proper allocation of attorneys fees and costs within thirty days of receipt of this memorandum. Thereupon, the Court will make the appropriate award.
Defendant’s Motion to Dismiss Count II, and for Attorneys Fees.[8] Count II of the plaintiffs’ complaint seeks a declaratory judgment that Delourey is operating the industrial site illegally, as well as an injunction against continued operation. Without agreeing that the claim was legally untenable, the Plaintiff now assents to its dismissal. Delourey also argues that Count II was insubstantial and frivolous, because the court lacked jurisdiction over the count during the pendency of a Department of Environmental Protection (DEP) proceeding concerning the same issues, and that any right which the plaintiffs may have had to appeal the DEP’s determination was pursuant to G.L.c. 30A, §14(1), which they never pursued. Thus, Delourey argues that he is entitled to an award of attorneys fees and costs pursuant to G.L.c. 231, §6F. The plaintiffs argue that Count II is based on a good faith interpretation of existing law (independent of the defendants’ legal arguments for dismissal) and that some time ago they proposed to dismiss the Count voluntarily, without costs for either parly. On its face, Count II does not appear wholly insubstantial and frivolous, so as to justify the Court’s exercising its discretionary power to award fees and costs pursuant to G.L.c. 231, §6F. Delourey’s request for fees and costs is, therefore, denied.
ORDER
For the foregoing reasons, the “Defendants in Counterclaim Thomson, et al.’s Special Motion to Dismiss” is ALLOWED and defendant John Delourey’s counterclaim for defamation is DISMISSED. Further, the plaintiffs may recover their fees and costs associated with the motion, as well as the fees and costs associated with discovery concerning the defamation count. The parties may submit affidavits regarding the proper allocation of attorneys fees and costs within thirty (30) days of receipt of this memorandum. Thereupon the Court will make an award of attorneys fees and costs.
Defendant John Delourey’s “Motion to Dismiss Count II of Plaintiffs’ Complaint and Motion for Attorneys Fees Pursuant to M.G.L.c. 231, Sec. 6F” is ALLOWED IN PART, to the extent that Count II of the plaintiffs’ Complaint is DISMISSED. It is DENIED IN PART, to the extent that an award of attorneys fees and costs is denied.

Initially, Delourey filed multiple counterclaims. However, all but the claim for defamation were dismissed by stipulation on February 23, 1995.

The motion’s full title is: “Defendants in Counterclaim Thomson, et al.’s Special Motion to Dismiss and Memorandum in Support Thereof.”

The acronym stands for “strategic lawsuit against public participation.” Massachusetts is not the only state to pass legislation which attempts to provide relief for persons who perceive themselves to be the recipients of harassing lawsuits. See, G. Huling, Tired of Being Slapped Around: States Take Action against Lawsuits Designed to Intimidate and Harass, 25:2 Rutgers L.J. 401 (1994). New York, Washington and California have all passed such statutes, id. at 402-03, 403 n. 9, 424-27.

In returning, unsigned, the bill that ultimately became G.L.c. 231, §59H, Governor Weld expressed concern about the “vaguely framed” bill which he characterized as “a bludgeon when a scalpel would do.” House No. 5570 (Dec. 9,1994) and House No. 5604 (Dec. 23, 1994).

Perhaps unwittingly, the Legislature has thus changed the procedural law governing dismissals of lawsuits, as well as the substantive law of defamation. Massachusetts procedural law would not require dismissal of a claim based on a party’s failure to make a substantive factual showing. See, Gennari v. Revere, 23 Mass.App.Ct. 979, 980 (1987) (rescript) (plaintiff need only surmount minimal hurdle to survive a motion to dismiss for failure to state a claim; dismissals on the basis of pleadings before facts are found are discouraged). Additionally, the law of defamation requires that a plaintiff allege and prove that defamatory words were false, or if they were true, that the defamation was malicious. Comerford v. Meier, 302 Mass. 398 (1939). In the context of a SLAPP lawsuit, however, a plaintiff has the additional hurdle of showing that the defamation was devoid of any reasonable factual support or any arguable basis in law. G.L.c. 231, §59H.

The motion’s full title is: “Motion to Dismiss Count II of Plaintiffs Complaint and Motion for Attorneys Fees Pursuant to M.G. L. c. 231, sec. 6F.”