Smith, J.
Fredric H. Margolis (“plaintiff’) brings this action against Kathryn Gosselin (“defendant”) for damages pursuant to G.L.c. 93A and for tortious interference "with advantageous relations. Asserting that these claims are based on her exercise of her constitutional right to petition, defendant moves for dismissal pursuant to G.L.c. 231, §59H, the “anti-SLAPP” statute. For the reasons stated below, the motion is ALLOWED.
BACKGROUND
In his complaint and affidavit, plaintiff alleges the following: He is a real estate developer who entered an agreement to purchase a parcel of land in Waltham, with the intention to develop the property. Star Markets Company, Inc. agreed to lease space in the structure plaintiff planned to build.
The Waltham Conservation Commission (“Commission”) determined that the Wetlands Protection Act applied to the property. After hearings, the Commission issued a Positive Order of Conditions (“Order”), which consists of requirements with which plaintiff must comply in order to proceed with his project. At the time the Commission issued the Order, these conditions were still unspecified.
Defendant’s deposition indicates that she was at all relevant times employed by Saint Communications, a public relations firm hired by Stop & Shop, a competitor of Star Market. At the request of William Lavash, a local opponent of plaintiffs development project, defendant solicited signatures from Waltham residents for a “superceding order of conditions.” In the course of doing so, plaintiff alleges, defendant made false statements concerning the environmental impact of increased traffic resulting from project and of a proposal to shovel accummulated snow into a stream on plaintiffs property.
Defendant gathered enough signatures to file the request with the Wetlands Division of Massachusetts Department of Environmental Protection (“DEP”). After the request was filed, five of the ten individuals who had signed the document withdrew their names, stating that their endorsement was based on misinformation and that they in fact supported the existing Order.
Plaintiff further alleges that around this time, the Waltham City Council (“City Council”) was reviewing plaintiffs request for a special permit. As a result of defendant’s actions, the City Council expressed renewed interest in traffic issues and requested further information. This delayed the project, causing expense and forcing plaintiff to withdraw his special permit request from City Council’s consideration, draw up a new permit request, and re-negotiate the purchase option. In his supplemental affidavit, plaintiff alleges that as a result of defendant’s conduct, his attorneys, engineers, and other professionals had to expend time (thereby incurring fees) to “research, analyze, evaluate and otherwise respond to” her actions.
DISCUSSION
Defendant asserts that plaintiffs claims are barred by G.L.c. 231, §59H, the “anti-SLAPP” statute. Section 59H applies to any case where a party asserts that claims against her are based on her exercise of right to petition under the Massachusetts or U.S. Constitution. The statute defines the “exercise of right to petition” as, inter alia, “any written or oral statement reasonably likely to enlist public participation in an effort to effect consideration by a legislative, executive or judicial body.” Id. Section 59H states that a special motion to dismiss shall be granted unless plaintiff makes the following showing: first, that defendant’s exercise of right to petition was devoid of any reasonable factual support or any arguable basis in law; and second, that defendant’s acts caused actual injury.[1]
*284 I. Section 59H applies to this action, despite defendant’s commercial motivation.
Plaintiff maintains that defendant’s conduct is not protected by a constitutional right to petition, and therefore falls outside the ambit of §59H. A threshold question is whether Section 59H properly applies to this action. Although the statute is silent as to which party bears the initial burden to demonstrate the applicability of the Act, Massachusetts and other jurisdictions’ courts have held that the party seeking to benefit from the Act must make this showing. Bisognano v. Jain, Civ. No. 94-6879 (Middlesex Super. Ct., Dec. 22, 1995), 4 Mass. L. Rptr. 671; Wilcox, et als. v. The Superior Court (Peters), 11 Cal.App.4th 809, 819, 33 Cal.Rptr.2d 446, 452 (1994).
In Wilcox, the court elaborated on the defendant’s initial burden, noting that defendant need not establish that its actions are constitutionally protected as a matter of law. Id. Rather, the statute requires the defendant to make a prima facie showing that the plaintiffs suit arises from acts in furtherance of defendant’s right to petition.[2] Id. Thus, defendant must show that her solicitation of signatures for the Superceding Order of Conditions is protected by her right to petition, as defined by Section 59H, before the Court may consider the merits of her special motion to dismiss. The Court takes into consideration all of the evidence before it in making this determination.
Plaintiff argues that defendant’s conduct does not fall under the ambit of the statute for several reasons: as an agent of plaintiffs competitor, she was motivated by commercial competition; she was not a citizen of Waltham; she did not directly petition the government; and she “orchestrated a fraudulent filing before a state agency.”
Plaintiff correctly notes that this case does not reflect the classic SLAPP paradigm of a powerful developer suing a concerned “ordinary citizen” who speaks up on community issues. See G. Pring, SLAPP-s: Strategic Lawsuits Against Public Participation, 7 Pace Environmental Law Review 3, 6-8 (1990). Neither the legislatures nor courts of the states implementing anti-SLAPP statutes, however, require that defendants seeking statutory protection be motivated by selfless public interests. California courts, for example, have noted that SLAPP suits “are by no means limited to environmental issues . . .nor are the defendants necessarily local organizations with limited resources.” Ludwig, et als. v. The Superior Court (Barstow), 37 Cal.App.4th 8, 14, 819, 43 Cal.Rptr.2d 350, 355 (1994), quoting Wilcox, et als. v. The Superior Court (Peters), supra at 815, 446.
Section 59H has been held to apply to activity motivated by commercial purposes. In Dunkin’ Donuts, Inc., et al. v. Honey Dew Associates, Inc., et al., Civ. No. 92-3170 (Suffolk Super. Ct., Jan. 10, 1996), the plaintiff alleged that defendant, a competing doughnut franchise, obstructed the development of Dunkin’ Donuts stores by expressing opposition to the development before the Plainville Zoning Board of Appeals and the Town of Franklin Zoning Board. The court held that Honey Dew’s actions “fall squarely within ‘a party’s exercise of its right to petition’ as defined in G.L.c. 231, §59H,” and allowed the special motion to dismiss. Id. at 6.
The California Court of Appeal has considered the issue of commercial motivation more explicitly in applying its anti-SLAPP statute. In Ludwig v. The Superior Court (Barstow), supra at 21, 360, the court analogized to the Noerr-Pennington doctrine, holding that “the motive of the petitioners is irrelevant, as long as the intent is genuinely to induce government action rather than to frustrate or deter a third party simply by the use of the government process.” In the case at bar, even if defendant’s ultimate aim was to derail plaintiffs project to serve her employer’s competitive ends, it is uncontested that defendant’s immediate intent was to effect action on the part of DEP.
Furthermore, the plain language of Section 59H does not limit its application to public interests or make the motivation of protected parties relevant in any way. Plaintiff urges this court to rule that defendant’s conduct falls outside constitutionally protected activity by invoking general underlying policies and the legislative history of the Act. Such factors are appropriately considered, however, only to clarify an ambiguous provision; they are not relevant to construing the plain meaning of a statute. Brennan v. The Governor, 405 Mass. 390, 395 (1989); Rosenbloom v. Kokofsky, 373 Mass. 778, 780-81 (1977); Milk Control Board v. Gosselin’s Dairy, Inc., 301 Mass. 174, 179-80 (1938). Therefore, in light of both Massachusetts and California authority, as well as basic principles of statutory interpretation, the Court holds that the fact that defendant acted as an agent of plaintiffs competitor does not preclude application of Section 59H.
Plaintiffs other arguments against applying the statute to this action are similarly without merit. First, the fact that defendant did not sign the request for a superceding order of conditions or otherwise communicate directly to the government is irrelevant. Section 59H clearly includes statements “reasonably likely to enlist public participation” as protected conduct. See also Ludwig v. The Superior Court (Barstow), supra at 16, 356-57. Second, the statute does not require a defendant to reside in the affected communiiy to invoke the protection of the Act.[3]
Third, there is ample evidence that plaintiffs solicitation of signatures falls within the constitutional right to petition despite plaintiffs allegations that the document was “fraudulent.” Plaintiff maintains that defendant represented to the signers that the document was a “petition” rather than a request for a superceding order of conditions, and that this difference in terminology misled the signers. The Court does not find the distinction compelling.[4]
*285 II. Plaintiff failed to meet his burden under Section 59H, as defendant’s activity had some basis in law and fact.
To defeat defendant’s motion to dismiss under Section 59H, plaintiff must demonstrate that defendant’s exercise of right to petition was devoid of any reasonable factual support or any arguable basis in law, and that defendant’s acts caused actual injury. Defendant’s solicitation of signatures involved two issues: concerns about increased traffic flow and concerns about the environmental impact of plowing parking lot snow into or near the stream on the property.
Neither issue raised by defendant is devoid of support. The traffic-related concerns are amply borne out by newspaper reports citing estimates that 3500 cars would travel to the store in a given day, and by the City of Waltham’s traffic consultant. Concern about the pollution of the stream reasonably followed from the information defendant gathered from a site tour, in which she learned that the stream was possibly to be rerouted and that snow would be plowed into it. Furthermore, this type of pollution is recognized as a legitimate concern under the Wetlands Protection Act, G.L.c. 131, §40.
Because plaintiff failed to show that defendant’s exercise of right to petition was devoid of any reasonable factual support or any arguable basis in law, plaintiffs action must be dismissed under Section 59H. The Court need not reach the second prong of plaintiffs showing, whether defendant caused plaintiff actual injury, at this time.
Section 59H also states that, “[i]f the court grants such special motion to dismiss, the court shall award the moving party costs and reasonable attorneys fees, including those incurred for the special motion and any related discovery matters.” Therefore, the defendant is entitled to recover from the plaintiff her costs and attorneys fees. Based on the parties’ written submissions and oral arguments, it appears that only the costs and fees associated with the instant motion, including the costs and fees associated with discovery conducted for purposes of this motion, are recoverable. The parties may submit affidavits regarding the proper allocation of attorneys fees and costs within thirty days of receipt of this memorandum. Thereupon, the Court will make the appropriate award.
ORDER
For the foregoing reasons, it is therefore ORDERED that defendant’s special motion to dismiss under G.L.c. 231, §59H be ALLOWED.

The standard of review under G.L.c. 231, Section 59H is unlike that employed when a party moves for entry of judgment on the pleadings (Mass.R.Civ.P. 12(c)), for dismissal for failure to state a claim upon which relief can be granted (Mass.R.Civ.P. 12(b)(6)), or for summary judgment (Mass.R.Civ.P. 56). When a party moves for dismissal under c. 231, Section 59H, the court must grant the special motion, unless the nonmoving party makes the two showings required by the statute.

The Wilcox court stated that this prima facie burden would be satisfied by “showing that the act which forms the basis for plaintiffs cause of action was a written or oral statement ... in connection with an issue under consideration or review by a legislative, executive, or judicial proceeding . ..” Although the language of Section 59H differs slightly from the California anti-SLAPP statute, the Wilcox court’s language suggest that the focus is on the form of defendant’s conduct.

Even if the Court were to read into the statute such a requirement, it might be satisfied by the affidavit of Waltham resident William Lavash, who states that he requested that defendent solicit signatures from his neighbors.

Plaintiff has presented no evidence as to the specifics of the deception allegedly experienced by the five individuals who withdrew their signatures, although there appears to be no reason why he could not have deposed or sought affidavits from them.